UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| International Union of Operating Engineers, ) <br> Local 399, AFL-CIO; International Union ) <br> of Operating Engineers, Local 150, ) <br> AFL-CIO; Construction and General ) <br> Laborers' District Council of Chicago and ) <br> Vicinity, Laborers International Union of ) <br> North America, AFL-CIO; ) <br> Chicago Regional Council of ) <br> Carpenters, United Brotherhood ) <br> of Carpenters and Joiners of America, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> Village of Lincolnshire, Illinois; ) <br> Peter Kinsey, Chief of Police; ) <br> Elizabeth Brandt, Mayor; ) <br> Barbara Mastandrea, Village Clerk, ) <br> ) <br> Defendants. ) | Case No. <br><br> Judge: <br> Magistrate Judge: |

**COMPLAINT**

This lawsuit challenges Ordinance Number 15-3389-116 ("Ordinance") enacted by the Board of Trustees of the Village of Lincolnshire, Illinois ("Lincolnshire"), on December 14, 2015, on the ground that the Ordinance is preempted and prohibited by the National Labor Relations Act of 1935 ("NLRA") as amended by the Labor Management Relations Act of 1947 ("LMRA").

**JURISDICTION AND VENUE**

1. All claims in this lawsuit are brought under 42 U.S.C. § 1983 and under the Supremacy Clause of the United States Constitution.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 1343(a)(3).

3. Venue is proper in this district under 28 U.S.C. § 1391(b). All acts or omissions

that are the subject of this Complaint occurred in Lincolnshire.

4. This Court has authority to issue a declaratory judgment as to the validity of the Ordinance pursuant to 28 U.S.C. § 2201 and to grant such further relief as may be necessary or proper pursuant to 28 U.S.C. § 2202.

## PARTIES

5. Plaintiff International Union of Operating Engineers, Local 399, AFL-CIO ("Operating Engineers Local 399"), is a "labor organization" within the meaning of both the NLRA and the Ordinance. Local 399 is the collective bargaining representative of a unit of employees of Colliers International Asset and Property Management, LLC, located within Lincolnshire.

6. Plaintiff International Union of Operating Engineers, Local 150, AFL-CIO ("Operating Engineers Local 150"), is a "labor organization" within the meaning of both the NLRA and the Ordinance. Local 150 is the collective bargaining representative of seven separate units of employees of employers located in Lincolnshire, including Central Boring, Inc.; Dick's Heavy Equipment Repair; C.R. Nelson Landscaping; Accurate Group, Inc.; D.C.S. Trucking Co.; Johler Demolition Inc.; and, Revcon Construction Corp.

7. Local 150 is the collective bargaining representative of over 30 separate units of employees of employers who currently are performing or have recently performed work in Lincolnshire and likely are to do so in the future.

8. Local 150 is the collective bargaining representative of numerous other units of employees of employers who are likely to perform work in Lincolnshire in the future.

9. Plaintiff Construction and General Laborers' District Council of Chicago and Vicinity, Laborers International Union of North America, AFL-CIO ("Laborers District Council"), is a "labor organization" within the meaning of both the NLRA and the Ordinance. Laborers District Council is party to three collective bargaining agreements covering units of employees of employers located in Lincolnshire, specifically Central Boring, Inc.; Johler Demolition, Inc.; and, Revcon Construction Corp.

10. Laborers District Council is party to collective bargaining agreements covering units of employees of over 20 employers who currently are performing or recently have performed work in Lincolnshire and likely are to do so in the future.

11. Laborers District Council is the collective bargaining representative of numerous other units of employees of employers who likely are to perform work in Lincolnshire in the future.

12. Chicago Regional Council of Carpenters, United Brotherhood of Carpenters and Joiners of America ("Carpenters Regional Council"), is a "labor organization" within the meaning of both the NLRA and the Ordinance.

13. Carpenters Regional Council is party to collective bargaining agreements covering units of employees who are scheduled to perform work in Lincolnshire starting in the spring of 2016.

14. Carpenters Regional Council is the collective bargaining representative of numerous other units of employees of employers who are likely to perform work in Lincolnshire in the future.

15. Defendant Lincolnshire is a political subdivision of the State of Illinois.

16. Defendant Peter Kinsey is the Chief of Police of Lincolnshire. In that capacity, he has the authority to investigate alleged violations of the Ordinance and to ensure the effective enforcement of the Ordinance. Defendant Kinsey is sued in his official capacity.

17. Defendant Elizabeth Brandt is the Mayor of Lincolnshire. In that capacity, she has the authority to execute the provisions of the Ordinance. Defendant Brandt is sued in her official capacity.

18. Defendant Barbara Mastandrea is the Village Clerk of Lincolnshire. In that capacity, she has the authority to publish the Ordinance. Defendant Mastandrea is sued in her official capacity.

## ALLEGATIONS COMMON TO ALL CLAIMS

19. The Ordinance was enacted by the Lincolnshire Board of Trustees and approved by the Mayor on December 14, 2015. The Ordinance was published on December 14, 2015, and immediately became in full force and effect.

20. The Ordinance applies only to those employees, employers, and labor organizations that are covered by the NLRA.

21. Section 8(a)(3) of the NLRA (29 U.S.C. § 158(a)(3)) grants to covered employers and labor organizations the right to negotiate agreements requiring union membership or the payment of union fees as a condition of employment ("union security agreements"). The NLRA regulates the negotiation and application of the authorized union security agreements.

22. Each of the Plaintiffs has negotiated and entered into collective bargaining agreements which include union security agreements authorized by the NLRA that apply to workplaces within Lincolnshire. Each of the Plaintiffs expects to include such union security agreements in successor collective bargaining agreements.

23. With respect to collective bargaining agreements entered into after December 14, 2015, the Ordinance prohibits the negotiation and application of union security agreements authorized and regulated by the NLRA, including the union security agreements that the Plaintiffs have entered into that apply to workplaces in Lincolnshire.

24. The NLRA grants to covered employers and labor organizations the right to enter into agreements granting the labor organization the exclusive right to refer employees for employment ("hiring hall agreements"). The NLRA regulates the negotiation and application of the authorized hiring hall agreements.

25. Operating Engineers Local 150 has negotiated and entered into hiring hall agreements authorized by the NLRA that apply to workplaces within Lincolnshire and Operating Engineers Local 150 expects to include such hiring hall agreements in successor collective bargaining agreements.

26. The Ordinance prohibits the negotiation and application of hiring hall agreements authorized and regulated by the NLRA, including the hiring hall agreements which Operating Engineers Local 150 has entered into, that apply to workplaces in Lincolnshire.

27. The NLRA and LMRA § 302(c)(4) (29 U.S.C. § 186(c)(4)) grant to covered employers and labor organizations the right to enter into agreements for payroll deduction of labor organization dues, fees or assessments ("check-off") and to apply such agreements in a manner consistent with the LMRA.

28. Each of the Plaintiffs has negotiated and entered into check-off agreements providing for the authorized payroll deduction of labor organization dues, fees or assessments. Each of the Plaintiffs expects to include such check-off agreements in successor collective bargaining agreements.

5

29. The Ordinance prohibits the payroll deduction of labor organization dues, fees or assessments, pursuant to the check-off agreements that the Plaintiffs have entered into that apply to workplaces in Lincolnshire, in circumstances where the deduction is lawful under LMRA § 302.

30. Several contracts between Plaintiffs and employers doing business in Lincolnshire, or likely to do so in the future, expire before a final judgment is likely in this case. Application and enforcement of the Ordinance, if not enjoined by this Court, will cause immediate and irreparable harm to Plaintiffs in that they will be denied its rights under the NLRA and LMRA in violation of the Supremacy Clause of the United States Constitution.

31. Violations of the Ordinance are classified as misdemeanors. The Lincolnshire Chief of Police has authority to prosecute violations of the Ordinance.

**COUNT I**
**VIOLATION OF THE SUPREMACY CLAUSE OF THE UNITED STATES CONSTITUTION:**
**UNION SECURITY ORDINANCE NO. 15-3389-116, SECTION 4(A-D)**

1-31. The foregoing allegations are incorporated in this count.

32. NLRA § 14(b) (29 U.S.C. § 164(b)) authorizes a State or Territory to enact laws prohibiting the execution or application within the State of certain union security agreements that are otherwise authorized and regulated by the NLRA. State and local laws regulating the negotiation or application of union security agreements that do not come within the authorization of NLRA § 14(b) are preempted by the NLRA.

33. The Ordinance is a Lincolnshire law prohibiting the execution or application within Lincolnshire of union security agreements authorized and regulated by the NLRA.

34. Lincolnshire is not a "State or Territory" as contemplated in NLRA §14(b) and is therefore not authorized to enact a law prohibiting execution or application of union security agreements.

35. The Ordinance is not a "State or Territorial law" within the meaning of NLRA

§ 14(b) and is therefore preempted by the NLRA insofar as the Ordinance prohibits the execution or application of union security agreements.

36. The Ordinance deprives the Plaintiffs of their right, secured by the NLRA, to include union security provisions in collective bargaining agreements entered into after December 14, 2015.

37. Insofar as the Ordinance prohibits the execution or application of union security provisions authorized and regulated by the NLRA, the Ordinance is preempted by the NLRA and its enforcement is prohibited by the Supremacy Clause of the United States Constitution.

WHEREFORE, Plaintiffs demand the following relief:

A. A declaratory judgment that the Ordinance is invalid insofar as it is preempted by the NLRA and the LMRA in the respects alleged above.

B. A preliminary and permanent injunction prohibiting the Defendants from taking any action to enforce the invalid portions of the Ordinance.

C. Damages for any harm caused to the Plaintiffs by the Defendants' adoption and enforcement of the Ordinance.

D. An award of the attorneys' fees and costs incurred in connection with this lawsuit pursuant to 42 U.S.C. § 1988 and such other statutory and common law provisions as may be applicable.

E. Such other relief as the Court finds just and proper.

### COUNT II
### VIOLATION OF THE SUPREMACY CLAUSE OF THE UNITED STATES CONSTITUTION: HIRING HALLS ORDINANCE NO. 15-3389-116, SECTION 4(E)

1-37. The foregoing allegations are incorporated in this count.

38. The Ordinance deprives the Plaintiffs of their right, secured by the NLRA, to include hiring hall provisions in collective bargaining agreements entered into after December 14,

2015.

39. Insofar as the Ordinance prohibits the execution or application of hiring hall provisions authorized and regulated by the NLRA, the Ordinance is preempted by the NLRA and its enforcement is prohibited by the Supremacy Clause of the United States Constitution.

WHEREFORE, Plaintiffs demand the following relief:

A. A declaratory judgment that the Ordinance is invalid insofar as it is preempted by the NLRA and the LMRA in the respects alleged above.

B. A preliminary and permanent injunction prohibiting the Defendants from taking any action to enforce the invalid portions of the Ordinance.

C. Damages for any harm caused to the Plaintiffs by the Defendants' adoption and enforcement of the Ordinance.

D. An award of the attorneys' fees and costs incurred in connection with this lawsuit pursuant to 42 U.S.C. § 1988 and such other statutory and common law provisions as may be applicable.

E. Such other relief as the Court finds just and proper.

### COUNT III
### VIOLATION OF THE SUPREMACY CLAUSE OF THE UNITED STATES CONSTITUTION: DUES CHECKOFF ORDINANCE NO. 15-3389-116

1-39. The foregoing allegations are incorporated in this count.

40. The Ordinance deprives the Plaintiffs of their right, secured by the NLRA and the LMRA, to apply check-off provisions in collective bargaining agreements in the manner authorized by the NLRA and the LMRA.

8

41. Insofar as the Ordinance prohibits the application of check-off provisions authorized and regulated by the LMRA, the Ordinance is preempted by the NLRA and the LMRA and its enforcement is prohibited by the Supremacy Clause of the United States Constitution.

WHEREFORE, Plaintiffs demand the following relief:

A. A declaratory judgment that the Ordinance is invalid insofar as it is preempted by the NLRA and the LMRA in the respects alleged above.

B. A preliminary and permanent injunction prohibiting the Defendants from taking any action to enforce the invalid portions of the Ordinance.

C. Damages for any harm caused to the Plaintiffs by the Defendants' adoption and enforcement of the Ordinance.

D. An award of the attorneys' fees and costs incurred in connection with this lawsuit pursuant to 42 U.S.C. § 1988 and such other statutory and common law provisions as may be applicable.

E. Such other relief as the Court finds just and proper.

Dated: February 18, 2016                    Respectfully submitted,

By: /s/ Harold Craig Becker                 By: /s/ William A. Widmer, III
Counsel for all Plaintiffs                  Counsel for Operating Engineers Local 399
Harold Craig Becker                         William A. Widmer, III
James B. Coppess                            Carmell, Charone, Widmer, Moss & Barr
Mathew Ginsburg                             One East Wacker Drive, Suite 3300
815 16th St., N.W.                          Chicago, IL  60601
Washington, D.C. 20016                      Ph. 312/236-8033
Ph. 202/637-5310                            wwidmer@carmellcharone.com
cbecker@aflcio.org
jcoppess@aflcio.org
mginsburg@aflcio.org

By: /s/ Jon Rosenblatt
Counsel for Laborers District Council
Jon Rosenblatt
G & R Public Law and Strategies
20 South Clark Street, Suite 1620
Chicago, IL  60603
Ph. 312/508-5589
rosenblatt@grpls.com

By: /s/ Dale D. Pierson
Counsel for Operating Engineers Local 150
Dale D. Pierson
Robert A. Paszta
Kenneth E. Edwards
Local 150 Legal Department
6140 Joliet Road
Countryside, IL  60525
Ph. 579-6663
dpierson@local150.org
rpaszta@local150.org
kedwards@local150.org

By: /s/ Terrance B. McGann
Counsel for Carpenters Regional Council
Terrance B. McGann
Whitfield, McGann & Ketterman
111 East Wacker Drive, Suite 2600
Chicago, IL  60601
Ph. 312/251-9700
tmcgann@wmklaborlaw.com